TROY LAW, PLLC
*Attorneys for the Plaintiffs, proposed FLSA*
*Collective and potential Rule 23 Class Plaintiffs*
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel:    718) 762-1324
Fax:    (718) 762-1342

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x

JUNMIN SHEN and YUZHU WANG
*on behalf of themselves and others similarly situated,*
                                            Plaintiffs,

                    v.

JOHN DOE CORPORATION
            d/b/a FRESCO TORTILLAS;
DAN Q LIU, JIAN HUI CHEN,
SU JIANG,
ZHENG XIAO, and
GENE JONES,
                                            Defendants.
--------------------------------------------------------------x

**Case No: 16-cv-2015**

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**F.R.C.P. 23  CLASS ACTION**

**COMPLAINT**

Plaintiffs JUNMIN SHEN and YUZHU WANG (hereafter referred to as "Plaintiffs"), on

behalf of themselves and other similarly situated, by and through their attorney, Troy Law,

PLLC, hereby bring this complaint against Defendants.

**INTRODUCTION**

1. This action is brought by Plaintiffs, on behalf of themselves as well as other similarly

    situated employees against Defendants for alleged violations of the Federal Labor Standards

    Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New York Labor Law (NYLL), arising

    from Defendants' various willful and unlawful employment policies, patterns and/or

    practices.

2. Upon information and belief, Defendants have willfully and intentionally committed

widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, minimum wage and overtime compensation for all hours worked over forty (40) each workweek.

3.  Defendants refused to record all of the time that Plaintiffs and similarly situated employed by Corporate Defendants work or worked, including work done in excess of forty hours each week.

4.  Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

5.  Plaintiffs further allege pursuant to New York Labor Law § 650 *et seq*. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants:  (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple prejudgment interest provided by NYLL, (7) post-judgment interest, and (8) attorney's fees and costs.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331.

7. This Court has jurisdiction over state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2), and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

9. Plaintiff JUNMIN SHEN ("SHEN") was employed by JOHN DOE CORPORATION d/b/a FRESCO TORTILLAS at 858 10th Avenue, New York, NY 10019 as a deliveryman.

10. Plaintiff YUZHU WANG ("WANG") was employed by JOHN DOE CORPORATION d/b/a FRESCO TORTILLAS at 858 10th Avenue, New York, NY 10019 as a deliveryman.

## DEFENDANTS

*Corporate Defendants*

11. Defendant JOHN DOE CORPORATION d/b/a FRESCO TORTILLAS is a domestic business corporation organized under the laws of the State of New York with a principal address at 858 10th Avenue, New York, NY 10019.

12. Upon information and belief, JOHN DOE CORPORATION d/b/a FRESCO TORTILLAS is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

13. Upon information and belief JOHN DOE CORPORATION d/b/a FRESCO TORTILLAS purchased and handled goods moved in interstate commerce.

14. At all relevant times, the work performed by Plaintiffs was directly essential to the businesses operated by JOHN DOE CORPORATION d/b/a FRESCO TORTILLAS.

***Owner/ Operator Defendants***

15. The Individual Defendant is an officer, director, manager and/or majority shareholder or owner of the Defendant JOHN DOE CORPORATION d/b/a FRESCO TORTILLAS and, as one of the ten largest shareholders, is individually responsible for unpaid wages under the New York Business Corporation Law.

16. Upon personal knowledge of Plaintiffs, Owner/ Operator Defendant DAN Q LIU

17.

18. , known as "Lady Boss" to Plaintiffs, is in charge of all areas of the restaurant, including the hiring and termination of workers, determining the rates of pay, work schedule (including work hours and work days), type of work assigned, designated work load and employment policy at JOHN DOE CORPORATION d/b/a FRESCO TORTILLAS.

19. Upon personal knowledge of Plaintiffs, Owner/ Operator Defendant DAN Q LIU acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with JOHN DOE CORPORATION d/b/a FRESCO TORTILLAS.

20. Upon personal knowledge of Plaintiffs, Owner/ Operator Defendant JIAN HUI CHEN, known as "Boss" to Plaintiffs, is in charge of all areas of the restaurant, including the hiring and termination of workers, determining the rates of pay, work schedule (including work

hours and work days), type of work assigned, designated work load and employment policy at JOHN DOE CORPORATION d/b/a FRESCO TORTILLAS.

21. Upon personal knowledge of Plaintiffs, Owner/ Operator Defendant JIAN HUI CHEN acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with JOHN DOE CORPORATION d/b/a FRESCO TORTILLAS.

22. Upon information and belief, Owner/ Operator Defendant SU JIANG, is in charge of all areas of the restaurant, including the hiring and termination of workers, determining the rates of pay, work schedule (including work hours and work days), type of work assigned, designated work load and employment policy at JOHN DOE CORPORATION d/b/a FRESCO TORTILLAS.

23. Upon information and belief, Owner/ Operator Defendant SU JIANG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with JOHN DOE CORPORATION d/b/a FRESCO TORTILLAS.

24. Upon information and belief, Owner/ Operator Defendant ZHENG XIAO, is in charge of all areas of the restaurant, including the hiring and termination of workers, determining the rates of pay, work schedule (including work hours and work days), type of work assigned, designated work load and employment policy at JOHN DOE CORPORATION d/b/a FRESCO TORTILLAS.

25. Upon information and belief, Owner/ Operator Defendant ZHENG XIAO acted intentionally

and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with JOHN DOE CORPORATION d/b/a FRESCO TORTILLAS.

26. Upon information and belief, Owner/ Operator Defendant GENE JONES, is in charge of all areas of the restaurant, including the hiring and termination of workers, determining the rates of pay, work schedule (including work hours and work days), type of work assigned, designated work load and employment policy at JOHN DOE CORPORATION d/b/a FRESCO TORTILLAS.

27. Upon information and belief, Owner/ Operator Defendant GENE JONES acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with JOHN DOE CORPORATION d/b/a FRESCO TORTILLAS.

## **STATEMENT OF FACTS**

28. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

29. Pursuant to NYCRR Part 146-2.2 and 29 USC 203 (m), an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of the tip credit.

30. Further, Plaintiffs were required to commit part of their work day in non-tipped work.

31. For instance, Plaintiffs JUNMIN SHEN and YUZHU WANG are required to chop vegetables, do the dishes, mop the fool, peel the shrimp, prepare the pepper and onion for

two to three hours each day.

32. Upon information and belief, this non-tipped work exceeds two hours or twenty percent (20%) of the Plaintiffs' workday.

33. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees at least the New York minimum wage for each hour worked.

34. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully overtime compensation of one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

35. While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

36. Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

37. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

38. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with Time of Hire Notice in English and in Chinese (Plaintiffs' primary language) reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day as required by NYLL §195(1).

39. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially

injure Plaintiffs and similarly situated employees and violate state and federal laws.

40. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

### Plaintiff JUNMIN SHEN

41. From on or about August 26, 2014 to January 31, 2016, Plaintiff JUNMIN SHEN was employed by Owner/Operator Defendant "Boss" JIAN HUI CHEN to work as a deliveryman for JOHN DOE CORPORATION d/b/a FRESCO TORTILLAS located at 858 10th Avenue, New York, NY 10019.

42. At all relevant times, Plaintiff's regular work schedule ran from 11:00 to 23:00 for twelve (12) hours a day Monday through Friday and on Sunday, for six (6) days, and seventy two (72) hours each week.

43. At all relevant times, Plaintiff was paid a flat compensation of one thousand one hundred dollars ($1100) each month.

44. At all relevant times, Plaintiff was not given a fixed time for lunch or dinner. He had to eat his meal in fifteen (15) minutes while on duty. If a delivery order comes in, his meal period ends and he goes to delivery.

45. At all relevant times, Plaintiff was not given a break during his work hours.

46. At all relevant times, Plaintiff was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

47. Defendants never informed Plaintiff that there were taking tip credit towards the minimum wage.

48. Further, Plaintiff has to chop vegetables, do dishes, broom and mop the restaurant and bathroom floor, peel the shrimp, cut the pepper, tomato, lettuce, onion, peel the onion for

the restaurant, for between two (2) to three (3) hours each workday.

49. As a result, Plaintiff's non-tipped work exceeds two hours or twenty percent (20%) of the Plaintiffs' workday.

50. Plaintiff was not compensated at least at one-and-one-half of the minimum wage or his calculated hourly wage, whichever is greater, for all hours worked above forty (40) in each workweek.

51. Plaintiff was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

52. Upon information and belief, the electric delivery bicycle cost around one thousand four hundred twenty dollars ($1420) and has a two year life span.

53. Upon information and belief, the electric delivery bicycle battery cost around four hundred and twenty dollars ($420) and has a six month life span.

54. The maintenance and accessories cost of a similar delivery bicycle is around five hundred to six hundred dollars ($500-600) per year.

55. Defendants required Plaintiff to use and maintain a delivery vehicle to benefit Defendants' business. Defendants also required Plaintiff to maintain the vehicle. Defendants did not compensate for the purchase, repair, maintenance, utilization of the delivery vehicle according to state and federal labor laws.

### Plaintiff YUZHU WANG

56. From on or about August 2012 to March 3, 2016, Plaintiff YUZHU WANG was employed by Owner/Operator Defendant "Boss" JIAN HUI CHEN to work as a deliveryman for JOHN DOE CORPORATION d/b/a FRESCO TORTILLAS located at 858 10th Avenue, New York, NY 10019.

57. At all relevant times, Plaintiff's regular work schedule ran from 11:00 to 23:00 for twelve (12) hours a day Monday through Friday and on Saturday, for six (6) days, and seventy two (72) hours each week.

58. At all relevant times, Plaintiff was paid a flat compensation of one thousand one hundred dollars ($1100) each month.

59. At all relevant times, Plaintiff was not given a fixed time for lunch or dinner. He had to eat his meal in fifteen (15) minutes while on duty. If a delivery order comes in, his meal period ends and he goes to delivery.

60. At all relevant times, Plaintiff was not given a break during his work hours.

61. At all relevant times, Plaintiff was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

62. Defendants never informed Plaintiff that there were taking tip credit towards the minimum wage.

63. Further, Plaintiff has to chop vegetables, do dishes, broom and mop the restaurant and bathroom floor, peel the shrimp, cut the pepper, tomato, lettuce, onion, peel the onion for the restaurant, for between two (2) to three (3) hours each workday.

64. As a result, Plaintiff's non-tipped work exceeds two hours or twenty percent (20%) of the Plaintiffs' workday.

65. Plaintiff was not compensated at least at one-and-one-half of the minimum wage or his calculated hourly wage, whichever is greater, for all hours worked above forty (40) in each workweek.

66. Plaintiff was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

67. Upon information and belief, the electric delivery bicycle cost around one thousand four hundred twenty dollars ($1420) and has a two year life span.

68. Upon information and belief, the electric delivery bicycle battery cost around four hundred and twenty dollars ($420) and has a six month life span.

69. The maintenance and accessories cost of a similar delivery bicycle is around five hundred to six hundred dollars ($500-600) per year.

70. Defendants required Plaintiff to use and maintain a delivery vehicle to benefit Defendants' business. Defendants also required Plaintiff to maintain the vehicle. Defendants did not compensate for the purchase, repair, maintenance, utilization of the delivery vehicle according to state and federal labor laws.

## COLLECTIVE ACTION ALLEGATIONS

71. Plaintiffs bring this action individually and as class representative individually and on behalf of all other and former non-exempt deliverymen, servers, busboys, and kitchen staff who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at least the hourly minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

72. Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

TTroy

complaint

73. All said persons, including Plaintiffs, are referred to herein as the "Class."

74. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

*Numerosity*

75. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

76. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a.   Whether Defendant employed Plaintiffs and the Class within the meaning of the New York law;

    b.   Whether Plaintiffs and Class members are paid at least the minimum wage for each hour worked under the New York Labor Law;

    c.   Whether Plaintiffs and Class members are entitled to and paid overtime under the New York Labor Law;

d.   Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the NYLL;

e.   Whether Defendants maintained  policy, pattern and/or practice of failing to provide requisite statutory meal periods;

f.   Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class's start of employment and/or or timely thereafter;

g.   Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiffs and the Rule 23 class on each payday;

h.   At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work;

### *Typicality*

77. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

78. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced and competent representing Plaintiffs in both class action and wage and hour employment litigation cases.

*Superiority*

79. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of

their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

80. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

### STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Fair Labor Standards Act—Minimum Wage Brought on behalf of the Plaintiff and the FLSA Collective]

81. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

82. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the similarly situated collective action members, for some or all of the hours they worked.

83. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

84. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by

failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
### [Violation of New York Labor Law—Minimum Wage Brought on behalf of Plaintiff and Rule 23 Class]

85. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

86. At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

87. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

88. Defendants knowingly and willfully violated Plaintiffs' and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

89. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]

90. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

91. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

92. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

93. Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

94. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

95. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

96. Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

97. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime

rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT IV.
### [Violation of New York Labor Law—Overtime Pay
### Brought on behalf of Plaintiff and Rule 23 Class]

98. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

99. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) before April 9, 2011 and one hundred percent (100%) under NY Wage Theft Prevention Act, and interest.

100.   At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiffs at one and one half times the hourly rate the Plaintiff and the class are entitled to.

101.   Defendant' failure to pay Plaintiffs their overtime pay violated the NYLL.

102.   Defendants' failure to pay Plaintiffs were not in good faith.

## COUNT V.
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiff and Rule 23 Class]

103.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

104.   The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, *et seq.*, and §§650, *et seq.*, and New York State Department of Labor regulations §146-1.6.

105.   Defendants' failure to pay Plaintiffs spread-of-hours pay was not in good faith.


## COUNT VI.
### [Violation of New York Labor Law—Failure to Provide Meal Periods
### Brought on behalf of Plaintiff and Rule 23 Class]

106.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

107.   The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p.m. and 6 a.m. NYLL§ 162.

108.   Defendants failed to provide meal periods required by NYLL §162 for every day that Plaintiffs and the Rule 23 class work or worked.

109.   Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

110.   Defendants' failure to provide the meal periods required by NYLL §162 was not in good faith.


## COUNT VII.
### [Violation of New York Labor Law—Record-Keeping Requirements
### Brought on behalf of Plaintiff and Rule 23 Class]

111.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

112.   Defendants did not maintain, establish and preserve Plaintiffs' weekly payroll records for a period of not less than six years, as required by NYRR § 146-2.1.

113.   In fact, Defendants required Plaintiffs and similarly situated employee to sign paper stating false hours worked.

114.   As a result of Defendants' unlawful conduct, Plaintiffs have sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

115.   Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiffs' labor.

116.   Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs were not in good faith.

## COUNT VIII.
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement Brought on behalf of Plaintiff and Rule 23 Class]

117.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

118.   The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

119.   Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

120.   Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiffs even after the fact.

121.   Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

### COUNT IX.
### [Violation of New York Labor Law—New York Pay Stub Requirement Brought on behalf of Plaintiff and Rule 23 Class]

122.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

123.   The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

124.   Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

125.   Due to Defendants' violations of New York Labor Law, each Plaintiffs are entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

**COUNT X.**
**[Breach of Implied Contract for Reimbursement of all Costs and Expenses of Bicycle/ Electric Delivery Vehicle, including Depreciation, Insurance, Maintenance and Repairs]**

126.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

127.   Throughout the relevant period, Defendants required their deliverymen to bear all of the "out-of-pocket" costs associated with their vehicles, including the purchase, maintenance, repair, maintenance of the delivery vehicles, including bicycles and electric bicycles.

128.   Based on their personal experience and available information, Plaintiffs can document actual "out-of-pocket" vehicle related expenses of their delivery vehicle.

129.   The conduct of Defendants, and the course of Defendant's conduct between the parties, evidenced an intent for Plaintiff to maintain the delivery vehicle in working condition.

130.   Plaintiffs purchased, maintained and repaired the vehicle at their own expense.

131.   Plaintiffs performed these deliveries for the sole benefit of the Defendants.

132.   Defendants neither explicitly nor implicitly requested Plaintiff to cease the purchase of gasoline and/or the maintenance of the vehicle.

133.   The IRS has published a standard mileage rate used to calculate the costs of operating an automobile for business purposes.

134.   In 2013, the IRS standard mileage rate for the use of a car is 56.5 cents per mile for business miles driven.

135.   In 2014, the IRS standard mileage rate for the use of a car is 56 cents per mile for business miles driven.

136.   In 2015, the IRS standard mileage rate for the use of a car is 57.5 cents per mile for business miles driven.

137.   In 2016, the IRS standard mileage rate for the use of a car is 54 cents per mile for business miles driven.

138.   As a result of the afore-alleged conduct of the parties, an implied contract arose between them the terms of which are that Plaintiffs would incur the expenses for bicycle purchase and vehicle maintenance, in exchange for compensation from Defendants for such expenses.

139.   Defendants never compensated Plaintiff for any expenses incurred from the purchase and maintenance of the electric bicycles, and the purchase of batteries.  As a result, Defendants breached the implied contract by failing and refusing to pay Plaintiff a reasonable sum under the afore-alleged facts.

140.   Defendants owe Plaintiffs their overdue costs of delivery vehicles, cost of batter change, if applicable, and maintenance of the bicycle.

## COUNT XI.
### [Civil damages for fraudulent filing of IRS returns. Violations of 26 USC §7434 Brought on behalf of the Plaintiff]

141.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

142.   26 USC §7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

143.   Due to Defendants' violations of 26 USC §7434, Plaintiffs are entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the plaintiffs as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

## COUNT XII.
### [Civil damages for Deceptive Acts and Practices. Violations of New York General Business Law §349
### Brought on behalf of the Plaintiff]

144.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

145.   NY General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

146.   Due to Defendants' violations of NY GBS Law §349, Plaintiffs are entitled to recover from Defendants, jointly and severally, their actual damages or fifty dollars ($50), whichever is greater, or both such actions.

147.   Plaintiffs demand the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation (See Exhibit 5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalves, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a)   Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the

nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h)     Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i)     Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j)     Reimbursement of reasonable out-of-pocket costs sustained by Plaintiffs and similarly situated deliverymen in the purchase, maintenance and repair of their delivery auto-bicycle in direct service of Defendants;

k)     An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

l)     An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m)     The cost and disbursements of this action;

n)     An award of prejudgment and post-judgment fees;

o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

p)     Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
March 17, 2016

TROY LAW, PLLC
*Attorneys for the Plaintiffs, proposed FLSA*
*Collective and Proposed Class Plaintiffs*


  /s/ John Troy
John Troy (JT0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Fax: (718) 762-1342
Email: johntroy@troypllc.com