UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JUNMIN SHEN and YUZHU WANG, *on behalf of* :
*themselves and others similarly situated,*

                                       Plaintiffs,   :

                 -against-             :

JOHN DOE CORPORATION, *d/b/a* FRESCO  :
TORTILLAS, DAN Q. LIU, JIAN HUI CHEN, SU :
JIANG, ZHENG XIAO, and GENE JONES,   :

                           Defendants.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

16 Civ. 2015 (GBD) (JCF)

GEORGE B. DANIELS, United States District Judge:

        Plaintiffs Junmin Shen and Yuzhu Wang ("Plaintiff") bring this action against John Doe

Corporation, doing business as Fresco Tortillas, Dan Q. Liu, Jian Hui Chen, Su Jiang, Zheng

Xiao, and Gene Jones (together, "Defendants") under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. §§ 201 *et seq.*, and the New York State Labor Law ("NYLL"), N.Y. Lab. L. §§ 650 *et

seq.*, for minimum wage and unpaid overtime violations incurred while Plaintiffs worked six

twelve-hour shifts per week as deliverymen for Defendant Fresco Tortillas. (*See* Compl., ECF

No. 1, ¶¶ 33-34, 44-55, 59-60.) Defendants move for summary judgment, and, in the alternative,

to dismiss the Complaint. (Defs.' Mot. for Summ. J., Mot. to Dismiss, and Mem. in Supp. of

Mots. ("Mem."), ECF No. 19.)

        This matter was referred to Magistrate Judge James C. Francis on September 20, 2016.

(ECF No. 40.) Before this Court is Magistrate Judge Francis' Report and Recommendation

("Report," ECF No. 45), recommending that Defendants' motion for summary judgment be

denied.[1] (Report at 15.) This Court adopts those recommendations.

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein. (*See Report*, at 1-2.)

## I. LEGAL STANDARD

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C).

Magistrate Judge Francis advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 15); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

As of the date of this Order, no party has filed objections. When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson*, 618 F. Supp. at 1189).

## II. MOTION FOR SUMMARY JUDGMENT AS TO EMPLOYEES' FLSA COVERAGE

Summary judgment is appropriate where the record before the court establishes that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a fact is genuinely disputed, the district court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party . . . ." *Weyant v. Okst,* 101 F.3d 845, 854 (2d Cir. 1996); *see also Mormol v. Costco Wholesale Corp.*, 364 F.3d 54, 56 n.1 (2d Cir. 2004).

The Report properly found that Plaintiffs established a genuine issue of material fact as to whether they qualify for "enterprise" coverage under the FLSA. An employer is subject to § 207(a) coverage either (1) if the employer was "an enterprise engaged in commerce or in the

production of goods for commerce regardless of whether the plaintiff was so engaged," or (2) if an employee individually was "engaged in commerce or in the production of goods for commerce." *See* 29 U.S.C. § 207(a)(1).

Defendants' summary judgment motion places at issue only whether Fresco Tortillas is an enterprise under the FLSA. (Report at 5.)  The enterprise coverage test has two prongs.  The Report properly concluded that Plaintiffs satisfied the first prong: that Fresco Tortillas has employees who "engage in commerce or in the production of goods for commerce or [] has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."  29 U.S.C.§ 203(s)(1)(A).  Plaintiffs allege that they handled cleaning supplies, rice, and beverages, such as Coca Cola and Sprite, that originated from out-of-state or international sources, and Defendants do not contest those facts.  (*See* Report, at 6 (citing, *inter alia*, *Yang Li v. Ya Yi Cheng*, No. 10 CV 4664, 2012 WL1004852, at *5 (E.D.N.Y. March 23, 2012).)

As to the second prong, that an employer's "annual gross volume of sales made or business done is not less than $500,000," 29 U.S.C.§ 203(s)(1)(A), it is well established "that virtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA." *Archie v. Grand Central Partnership, Inc.*, 997 F. Supp. 504, 530 (S.D.N.Y. 1998) (internal citation omitted).  Although Defendants purportedly assert through federal and state income tax returns, bank statements, and affidavits that "Fresco never achieved an annual gross business volume approaching $500,000," (Report at 7), those federal and state returns are not signed by Defendants or accompanied by affidavits of authentication.  (*Id.* at 8.)  Courts in this Circuit have often expressed skepticism about the reliability of such returns, "especially where the returns are unauthenticated or where they conflict with other evidence." *Shu Lan*

*Chen v. Gypsophila Nail & Spa*, No. 15 Civ. 2520, 2015 WL 3473510, at *3 (S.D.N.Y. June 2, 2015); (*see also* Report at 8 (citing cases).)  The bank statements Defendants submitted as part of their Reply brief are similarly inconclusive, as they only cover seven to eight months out of Plaintiffs' years of employment and Plaintiffs did not have an opportunity to contest their veracity.  (*Id.* at 8-9.)  Even so, Plaintiffs' have effectively countered Defendants' assertions as to Defendants' amount of gross sales by providing estimations based on average menu item price, items sold per day, number of customers per day, and days per year, amounting to approximately $908,850 of business per annum.  (*Id.* at 9-10.)  Viewing the evidence in the light most favorable to Plaintiffs, a reasonable juror could credit Plaintiffs' estimates, especially when balanced against the authenticity deficiencies of Defendants' tax and income documents.  (*Id.* at 10 (citing cases).)

Accordingly, the Report properly found that Plaintiffs have raised a genuine issue of material fact as to Fresco Tortillas' gross annual income to survive summary judgment, (*id.* at 10-11), and recommended that Defendants' motion for summary judgment be denied.  (Id. at 11.)

## III. MOTION TO DISMISS THE COMPLAINT

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires pleading facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  The court also accepts the complaint's well-pleaded factual allegations as true and draws

all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 709 F.3d 109, 119 (2d Cir. 2013).

The Report properly found that Defendants' legal arguments are without merit. (*See* Report at 12-14.) Defendants argue that the Complaint fails to adequately allege FLSA and NYLL overtime violations because Plaintiffs do not allege "precisely when, or at what point during their alleged employment, Plaintiffs worked more than [forty] hours [or] any particular workweek . . . during which Plaintiffs worked uncompensated time more than [forty] hours." (*Id.* at 12 (citing Mem., at 5).) Defendants erroneously rely primarily on *Lundy v. Catholic Health Sys. of Long Is. Inc.*, 711 F.3d 106 (2d Cir. 2013) (dismissing Complaint for vague allegations of number of occasional overtime hours worked over unspecified period of time). The Report properly distinguished Plaintiffs' allegations, (*id.* at 12-14), and found that the Complaint's specific allegations were sufficient to state a claim: in *every* week they worked for Defendants, Plaintiffs allegedly worked thirty-two hours of overtime and were not compensated for that time. (*See id.* at 14 (citing Compl. at ¶¶ 42-43, 57-58).) Accordingly, the Report recommended that Defendants' Motion to Dismiss be denied.

## IV. CONCLUSION

Having found no clear error, Magistrate Judge Francis' Report and Recommendation is fully adopted.

Defendant's motion for summary judgment is DENIED.

Defendant's motion to dismiss pursuant to Rule 12(b)(6) is also DENIED.

The Clerk of Court is directed to close the motions at ECF Nos. 28 and 33.[2]

Dated: New York, New York
      January 11, 2016

JAN 11 2017

SO ORDERED.

*George B. Donald*

GEORGE B. DANIELS
United States District Judge

---

[2] As the Report noted, the electronic docket reflects "motions" at ECF Nos. 28 and 33, which are actually Plaintiffs' opposition papers to Defendants' letter motion at ECF No. 19.